ALLEN WILSON, APPELLANT, v. THE NEW YORK CEN-
TRAL AND HUDSON RIVER RAILROAD COMPANY,
RESPONDENT.

*Common carrier — may relieve itself from liability for its own negligence by stipulation.*

The plaintiff, upon shipping two horses by the defendant's road, from New
York to Ogdensburg, signed an agreement which, after reciting that the
company transported live stock at reduced rates, upon the shipper's assuming
certain risks, provided, that the defendants were thereby released "from all
liability for injuries which the animals, or either of them, may receive in con-
sequence of * * the negligence of said company's servants * * or in
consequence of insecurity of cars." The door of the car in which the horses
were transported was defective, and one of the horses fell or got out and was hurt.
*Held,* that the company was not liable for the damages thereby occasioned.
*McKinney* v. *Jewett* (24 Hun, 19), followed.

APPEAL from a judgment, entered in favor of the defendant, upon
the report of a referee.

In October, 1880, the plaintiff applied to the defendant, in New
York, to transport two horses from that city to Ogdensburg. This
the defendant, by its special contract, in writing, agreed to do.

The contract recites that, whereas, the company transport live
stock at reduced rates, upon the shipper's assuming certain risks
* * * "in consideration that said company will transport, at
said reduced prices, two horses, Allen Wilson, Ogdensburg, N. Y.,
they are hereby released from all liability for injuries which the
animals, or either of them, may receive in consequence of * * *
the negligence of said company's servants * * * or in con-
sequence of insecurity of cars."

The door of the car in which the horses were transported was
defective, and one of the horses fell out, or got out and was injured.

*Leslie W. Russell,* for the appellant.

*D. M. K. Johnson,* for the respondent.

LANDON, J.:

The court, while doubting the wisdom of the rule which allows
a common carrier, by special contract, to exempt himself from his
common-law liability for his own negligence, expressed the opinion in
*McKinney* v. *Jewett* (24 Hun, 19) that such was the rule in this State.

We are not advised that the Court of Appeals has yet made any decision at variance with its repeated intimation that such is the law.

The case cited was disposed of, as many another has been, by the application of the rule of construction announced in *New Jersey Steam Navigation Company* v. *Merchants' Bank* (6 How. [U. S.], 384), that if the carrier can so stipulate by his contract, he should do it so plainly as to leave no room for controversy about it. This rule has been extended so far, in order to fix a liability upon the carrier, as to seem to disregard a reasonable construction of the contract made by him. It is held that where general words limiting the liability of a carrier may operate upon something else as well as upon the negligence of the carrier and his servants, such negligence is not included in the limitation. (*Mynard* v. *Syracuse, etc., R. R. Co.*, 71 N. Y., 180, and cases cited; *Holsapple* v. *R. W. and O. Railroad Co.*, 86 id., 275.) But if we apply this rigid rule of construction, it will not aid the plaintiff. His horse either fell out or got out of the car in which it was transported, because the car door was insecurely hung, and insufficient to support or resist the outward pressure of the horse against it. In other words, the damage was caused by " the insecurity of the cars." The contract for transportation between the parties exempted the defendant " from all loss or damage " caused thereby. If it be true, as the plaintiff ingeniously urges, that this does not exempt the defendant from negligence in furnishing such a car, or in putting the horse into it, the defendant can rely upon the other special exemption of the contract, namely, " the negligence of the said company's servants." The furnishing of the car and the putting of the horse in it must have been their negligence, if it was negligence at all.

The judgment must be affirmed, with costs.

LEARNED, P. J.:

Under the decisions in this State I feel obliged to concur in this opinion, although I think the doctrine is unsound. The true rule, in my judgment, is laid down in *Railroad* v. *Lockwood* (17 Wall., 357). The alleged consideration in the contract, of a reduced price, can be understood by anyone.

BOARDMAN, J., concurred with LEARNED, P. J.

Judgment affirmed, with costs.